1   DENNIS J. HERRERA, State Bar #139669
    City Attorney
2   JOANNE HOEPER, State Bar #114961
    Chief Trial Attorney
3   PETER J. KEITH, State Bar #206482
    Deputy City Attorney
4   Fox Plaza
    1390 Market Street, Sixth Floor
5   San Francisco, California 94102-5408
    Telephone:     (415) 554-3908
6   Facsimile:     (415) 554-3837
    E-Mail:        peter.keith@sfgov.org
7
    Attorneys for Defendant
8   CITY AND COUNTY OF SAN FRANCISCO

9

10                      UNITED STATES DISTRICT COURT

11                    NORTHERN DISTRICT OF CALIFORNIA

12  JOHNNIE DAVIS,                          Case No. 05  1341

13                 Plaintiff,               NOTICE OF REMOVAL OF ACTION
                                            UNDER 28 U.S.C. § 1441(b)
14        vs.                               (FEDERAL QUESTION)

15  CITY AND COUNTY OF SAN
    FRANCISCO; CHIEF OF POLICE
16  PRENTICE E. SANDERS; ACTING
    AND ASSISTANT CHIEF OF POLICE
17  ALEX FAGAN, SR.; and DOES 1-60,

18                 Defendants.

19

20

21  TO:   THE CLERK OF THE ABOVE-ENTITLED COURT:

22        PLEASE TAKE NOTICE that defendant City and County of San Francisco (the "City")

23  hereby removes to this Court the state court action described below.

24        1.      On or about November 17, 2003, plaintiff Johnnie Davis filed a complaint in the

25  Superior Court of the State of California in and for the County of San Francisco, entitled "Johnnie

26  Davis, Plaintiff, vs. City And County Of San Francisco, Chief Of Police Prentice E. Sanders, Acting

27  And Assistant Chief Of Police Alex Fagan, Sr., and Does 1-60, Defendants," San Francisco Superior

28

Notice of Removal,        Case No.              1              n:\lit\li2005\051250\00298709.doc

1  Court Case No. 03-426-445.  A copy of the complaint filed on November 17, 2003, by plaintiff in

2  that action is attached hereto as Exhibit A.

3       2.     The City is informed and believes that the first date upon which any defendant named

4  in this action received a copy of the complaint was March 8, 2005, when plaintiff served the City and

5  County of San Francisco with a copy of said complaint.   Pursuant to 28 U.S.C. § 1446(a), a copy of

6  the Summons and Complaint, which constitutes all of the process, pleadings and orders that have

7  been filed or received by the defendants in this case, is attached hereto as Exhibit A.

8       3.     The complaint purports to state a cause of action arising under 42 U.S.C. § 1983 in

9  that it alleges violations of plaintiff's federal civil and constitutional rights.

10       4.     This action is therefore a civil action over which this Court has original jurisdiction

11  under 28 U.S.C. § 1331, and is one which may be removed to this Court by defendant pursuant to the

12  provisions of 28 U.S.C. § 1441(b), in that it arises under the federal civil rights laws.

13       5.     Other than the City and County of San Francisco, Plaintiff named Alex Fagan, Sr., and

14  Prentice E. Sanders CityTow as defendants.  Counsel for both of these individuals informed me that

15  neither of them has been served.

16  Dated:  March 31, 2005

17
18                      DENNIS J. HERRERA
                    City Attorney
19                      JOANNE HOEPER
                    Chief Trial Deputy
20                      PETER J. KEITH
                    Deputy City Attorney
21
22               By:_____
                    PETER J. KEITH

23                      Attorneys for Defendant
                    CITY AND COUNTY OF SAN FRANCISCO
24
25
26
27
28

# INDEX TO EXHIBITS

**Exhibit**    **Description**

A      Summons and Complaint Served on Defendant City and County of San Francisco

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PROOF OF SERVICE

I, Heidi Bennett, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the within entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Fifth Floor, San Francisco, CA 94102.

On April 4, 2005, I served the attached:

### NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b)
### (FEDERAL QUESTION)

on the interested parties in said action, by placing a true copy thereof in sealed envelope(s) addressed as follows:

Russell A. Robinson
Law Office of Russell A. Robinson
345 Grove Street, First Floor
San Francisco, CA 94102

Telephone: 415/ 255-0462
Facsimile: 415/ 255-0464

and served the named document in the manner indicated below:

☒ **BY MAIL**: I caused true and correct copies of the above documents, by following ordinary business practices, to be placed and sealed in envelope(s) addressed to the addressee(s), at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, City and County of San Francisco, California, 94102, for collection and mailing with the United States Postal Service, and in the ordinary course of business, correspondence placed for collection on a particular day is deposited with the United States Postal Service that same day.

☐ **BY PERSONAL SERVICE**: I caused true and correct copies of the above documents to be placed and sealed in envelope(s) addressed to the addressee(s) and I caused such envelope(s) to be delivered by hand on the office(s) of the addressee(s).

☐ **BY EXPRESS SERVICES OVERNITE**: I caused true and correct copies of the above documents to be placed and sealed in envelope(s) addressed to the addressee(s) and I caused such envelope(s) to be delivered to EXPRESS SERVICES OVERNITE for overnight courier service to the office(s) of the addressee(s).

☐ **BY FACSIMILE**: I caused a copy(ies) of such document(s) to be transmitted via facsimile machine. The fax number of the machine from which the document was transmitted was 415/ 554-3837. The fax number(s) of the machine(s) to which the document(s) were transmitted are listed above. The fax transmission was reported as complete and without error. I caused the transmitting facsimile machine to print a transmission record of the transmission, a copy of which is attached to this declaration.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed April 4, 2005, at San Francisco, California.

_Heidi Bennett_
Heidi Bennett

Notice of Removal,      Case No.                    4                              n:\lit\li2005\051250\00298709.doc

# SUMMONS
## (CITACION JUDICIAL)

RECEIVED
MAYOR'S OFFICE

**NOTICE TO DEFENDANT:** *(Aviso a Acusado)*
CITY AND COUNTY OF SAN FRANCISCO; CHIEF OF POLICE
PRENTICE E. SANDERS; ACTING AND ASSISTANT CHIEF OF
POLICE ALEX FAGAN, SR.; and, DOES 1-60

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

05 MAR -8 AM 8: 32

**YOU ARE BEING SUED BY PLAINTIFF:**
*(A Ud. le está demandando)*
JOHNNIE DAVIS

| | |
|---|---|
| You have **30 CALENDAR DAYS** after this summons is served on you to file a typewritten response at this court. | *Después de que le entreguen esta citación judicial usted tiene un plazo de 30 DIAS CALENDARIOS para presentar una respuesta escrita a máquina en esta corte.* |
| A letter or phone call will not protect you; your typewritten response must be in proper legal form if you want the court to hear your case. | *Una carta o una llamada telefónica no le ofrecerá protección; su respuesta escrita a máquina tiene que cumplir con las formalidades legales apropiadas si usted quiere que la corte escuche su caso.* |
| If you do not file your response on time, you may lose the case, and your wages, money and property may be taken without further warning from the court. | *Si usted no presenta su respuesta a tiempo, puede perder el caso, y le pueden quitar su salario, su dinero y otras cosasde su propiedad sin aviso adicional por parte de la corte.* |
| There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). | *Existen otros requisitos legales. Puede que usted quiera llamar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de referencia de abogados o a una oficina de ayuda legal (vea el directorio telefónico).* |

The name and address of the court is: *(El nombre y dirección de la corte es)*
Superior Court of the State of California
400 McAllister Street
400 McAllister Street
San Francisco CA 94102
County of San Francisco -- Unlim. Civil Juris

CASE NUMBER *(Número del Caso)*
CGC - 03 - 426445

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*
Russell A. Robinson, 163937          415.255.0462     415.255.0464
Law Office of Russell A. Robinson
345 Grove Street
First Floor
San Francisco CA 94102

DATE: NOV 1 7 2003    Gordon Park-Li    Clerk, by _____    PARAM NATT    _____ Deputy
*(Fecha)*                              *(Actuario)*                                                 *(Delegado)*

[SEAL]

NOTICE TO THE PERSON SERVED: You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:
3. [✓] on behalf of *(specify)*: *City and County of San Francisco*

under:  [ ] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
        [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
        [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (individual)
        [ ] other:
4. [✓] by personal delivery on *(date)*: 3-8-05

*(See reverse for Proof of Service)*
**SUMMONS**

Form Adopted by Rule Use
Judicial Council of California
982(a)(9) [Rev. January 1, 1984]
Mandatory Form

Legal Solutions Plus

CCP 412.20

ENDORSED
FILED
SAN FRANCISCO COUNTY
SUPERIOR COURT

2003 NOV 17 PM 2: 42

GORDON PARK-LI, CLERK

BY _____ PARAM MATT
        DEPUTY CLERK

1  Russell Robinson (163937)
   Law Office of Russell A. Robinson
2  345 Grove Street, Level One
   San Francisco CA 94102
3  Telephone:  (415) 255-0462
   Facsimile:  (415) 255-0464
4
   Attorneys for Plaintiff
5  JOHNNIE DAVIS

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9      CITY AND COUNTY OF SAN FRANCISCO -- UNLIMITED CIVIL JURISDICTION

10

11  JOHNNIE DAVIS,                        ) No.   CGC - 03 - 426443
                                          )
12          Plaintiff,                    ) COMPLAINT FOR DAMAGES AND
                                          ) FOR INJUNCTIVE RELIEF; DEMAND
13  v.                                    ) FOR JURY TRIAL
                                          ) [Civil Rights]          BY FAX
14  CITY AND COUNTY OF SAN FRANCISCO;     )
    CHIEF OF POLICE PRENTICE E. SANDERS;  )
15  ACTING AND ASSISTANT CHIEF OF         )
    POLICE ALEX FAGAN, SR.; and, DOES 1-60,)
16                                        )
            Defendants.                   )
17  _____)

18                      JURISDICTION AND VENUE

19       1.     This action arises from acts by Defendants, who violated the several laws and

20  statutes of the United States of America, including the Constitution of the United States and its

21  various amendments, and is brought under 42 USC §1983.

22       2.     Venue in the Superior Court of the State of California, City & County of San

23  Francisco is proper; acts complained of occurred in the City and County of San Francisco, State

24  of California. At least one defendant "resides" in the City and County of San Francisco.

25

26  COMPLAINT FOR DAMAGES AND FOR
    INJ. RELIEF; DEMAND FOR JURY TRIAL
    J. Davis v. City and County of San Francisco, et al.          - 1 -

**PARTIES**

3.    Plaintiff JOHNNIE DAVIS has been at all relevant times an adult, male resident of the State of California, in the City and County of San Francisco.

4.    Plaintiff is informed and believes that Defendant CITY AND COUNTY OF SAN FRANCISCO ("C&CSF") is, and was, a municipal corporation duly organized and existing under the laws of the State of California. Plaintiff is informed that, in C&CSF (1) the San Francisco Police Department ("SFPD") is that municipal agency charged with investigating and responding to criminal activity; (2) Defendant PRENTICE E. SANDERS was and may be the duly appointed CHIEF OF POLICE in C&CSF at most relevant times; and, (3) and that Defendant ALEX FAGAN, SR., was the temporary or provisional Chief who succeeded, at times, Sanders, as Chief of Police in C&CSF, and that Fagan himself was at relevant times the highest ranking "Deputy Chief of Police" in C&CSF. Plaintiff is further informed and believes that it is and was the Chiefs' responsibility, *inter alia*, to manage, control, and set official policy for the SFPD. Sanders and Fagan are sued in their individual and official capacities.

5.    Plaintiff is informed and believes that at all relevant times Defendants DOES 1-60, sued in their official and individual capacities, were, *inter alia*, at all relevant times employed by Defendant C&CSF. Plaintiff is further informed and believes that the above-named individual defendants received training and education in the proper role for police work in the United States, and they were aware at all relevant times of restrictions imposed by the constitutions of the United States of America and of the State of California. These defendants shall be referred to collectively as the "Attackers."

6.    Plaintiff is informed and believes that, at all relevant times, Defendants DOES 1-60, *inter alia*, have been a police supervisors with the SFPD, and are sued here in individual and official capacities.

7.   ·   Defendants DOES 1 though 60 are fictitiously named persons/entities, whose true identities and roles in the events which are the subject matter of this complaint, are presently unknown to Plaintiff. Plaintiff will amend this complaint to identify fictitiously named Defendants and to set forth facts relating to each when same become known to Plaintiff. Plaintiff is informed and believes and thereon alleges that each DOE Defendant is legally responsible for events alleged herein which caused injury and damage to Plaintiff.

8.   Unless otherwise alleged, Plaintiff is informed and believes and thereon alleges that at all relevant times mentioned herein Defendants were the agents and/or employees of their co-defendants, and in doing the things alleged in this complaint were acting within the course and scope of that agency and/or employment.

9.   In doing the acts or omissions alleged, the defendants and each of them were acting in the course and scope of their employment with the C&CSF.

10.   In doing the acts or omissions alleged, the defendants acted under color of authority and/or under color of law.

## STATEMENT OF FACTS

11.   On about November 15, 2002, Plaintiff was attacked by the Attackers in San Francisco, ostensibly as a criminal suspect. In the course of (a) tackling Plaintiff from behind while Plaintiff stumbled across a San Francisco street on crutches and (b) making that arrest, several of the Attackers beat Plaintiff, threatened Plaintiff, and caused Plaintiff serious injuries; others stood by and refused/failed to stop the beating. When Plaintiff protested the methods used by his assailants on November 15, 2002, the beating became worse.

12.   As a result of the beating, Plaintiff is informed and believes that he suffered, *inter alia,* severe lacerations and contusions, bleeding, a severe re-injury to his leg/ankle, a new leg injury, and other injuries as a result of the beating.

---

1        13.  ·    As a foreseeable result of his injuries suffered, Plaintiff is informed and believes

2   that in connection with the medical care required after November 15, 2002, and received at SF

3   General Hospital, Plaintiff incurred significant medical bills.

4        14.      Plaintiff is informed and believes that at all relevant times, there existed in the

5   SFPD an atmosphere or environment which tolerated police misconduct. Plaintiff is informed and

6   believes that this atmosphere or environment which tolerated police misconduct was officially

7   ratified, condoned, or created by customs, practices, and policies that existed at the SFPD.

8   Plaintiff is further informed and believes that this atmosphere or environment which tolerated

9   police misconduct, actually led to the encouragement of misconduct and was the moving force

10   behind and cause of many civil rights violations by the SFPD and its employees under Sanders,

11   Fagan, and their predecessors.

12        15.      Plaintiff is informed and believes that Defendants Attackers individually or acting

13   in concert have engaged in repeated acts of harassment, police misconduct, and constitutionally-

14   destructive conduct against persons residing in or traveling to or visiting the City and County of

15   San Francisco. These repeated acts, part of a pattern and practice, did in fact lead to the

16   constitutional deprivations complained of herein.

17        16.      Plaintiff is further informed and believes that said civil rights violations and or

18   other acts of misconduct included assaults, beatings, false arrests, false warrants, unreasonable

19   searches and seizures, intimidation, kidnapings, falsifying reports, planting of evidence, denial of

20   due process and equal protection of laws, racial discrimination, conspiracy to violate civil rights,

21   and/or other misconduct.

22        17.      Plaintiff, an African-American, is informed and believes said misconduct included

23   but was not limited to subjecting African-American males in particular to disparate treatment

24   because of their race. As a result, Plaintiff and others were subjected to unequal treatment, civil

25

26

1   rights violations, and other misconduct by Attackers and others employed by Defendant C&CSF.

2       18.    Plaintiff is further informed and believes that Defendants Sanders, Fagan Sr., and

3   other high-ranking members of the SFPD repeatedly failed to take remedial or corrective action

4   despite the pervasive and ongoing malfeasance within the SFPD.

5       19.    Plaintiff is further informed and believes that as a matter of official policy – rooted

6   in an entrenched posture of deliberate indifference to the constitutional rights of African-American

7   males within the City and County of San Francisco and nearby environs – defendant C&CSF has

8   long allowed Plaintiff and others similarly situated to be abused by officers of the SFPD, including

9   but not limited to those defendants named as Attackers herein.

10                                    **DAMAGES**

11      20.    As a result of the conduct by Defendants, and each of them, Plaintiff suffered

12  special damages, and general damages including but not limited to serious injuries, great fear and

13  mental distress, according to proof.

14      21.    The conduct by the individually named defendants was willful, wanton, intentional,

15  and/or oppressive; therefore, an award of punitive or exemplary damages as to the individual

16  defendants, only, should be made in an amount to be proven.

17      22.    The conduct by Defendants forced Plaintiff to incur legal expenses, costs and fees,

18  and to retain private counsel.  Plaintiff is therefore entitled to reasonable costs and attorneys' fees

19  under 42 USC §1988 and California Civil Code §§ 51.7 & 52.

20                              **CONSPIRACY ALLEGATIONS**

21      23.    Plaintiff is informed and believes that the acts by the individual defendants, as

22  described above, were part of an agreement or a concerted course of conduct, with the goal being

23  to harm or injure the plaintiffs.  Plaintiff is informed and believes that may of the Attackers

24  refused to report or to stop the unlawful force exerted by their co-defendants on Plaintiff, because

25

26

1   of their friendship and because some of the Attackers prevailed on their co-defendants not to

2   report the use of force and not to stop the use of force.

3          24.    Plaintiff was injured as a direct result of the efforts by the individual defendants

4   who acted in furtherance of the conspiracy or agreement to damage and injure Plaintiff.

5                              **FIRST CAUSE OF ACTION**

6                                  **42 USC §1983**

7          25.    Plaintiff incorporates by reference all of the preceding paragraphs as though set

8   forth fully herein.

9          26.    Plaintiff is informed that Defendants [CITY AND COUNTY OF SAN

10  FRANCISCO; CHIEF OF POLICE PRENTICE E. SANDERS; ACTING AND ASSISTANT

11  CHIEF OF POLICE ALEX FAGAN, SR.; and, DOES 1-60] and each of them, ratified and

12  condoned the conduct of the individual defendants and each of them, and that the supervisory

13  defendants set the official policies, customs, and practices for the SFPD that were the moving

14  force behind Plaintiff's constitutional injuries.  The deprivations by said Defendants, and each of

15  them, violated Plaintiff's rights under the Bill of Rights to the United States Constitution,

16  including but not limited to the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth, Amendments.

17         27.    Plaintiff is informed and believes that the tortious conduct described herein was

18  known at the time by these defendants to violate of Plaintiff' constitutional rights.

19         WHEREFORE, Plaintiff prays for relief as set forth below.

20                             **SECOND CAUSE OF ACTION**

21                                 **42 USC §1983**

22         28.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

23         29.    Plaintiff is informed that Defendants Sanders, Fagan Sr., Does 1-60, and each of

24  them, ratified and condoned the conduct of their co-defendants, and that the supervisory

25

26

1  defendants set the official policies, customs, and practices for the SFPD that were the moving

2  force behind Plaintiff's constitutional injuries. The deprivations by Defendants, and each of them,

3  violated Plaintiff's rights under the Bill of Rights to the United States Constitution, including but

4  not limited to the First, Fourth, Fifth, Eighth, and Fourteenth, Amendments.

5      30.    Plaintiff is informed and believes that the tortious conduct described herein was

6  known at the time by these defendants to violate of Plaintiff's constitutional rights.

7      WHEREFORE, Plaintiff prays for relief as set forth below.

8                          **THIRD CAUSE OF ACTION**

9              **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

10     31.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

11     32.    The acts by Defendants Attackers, Does 1-60 throughout, and each of them, as

12  described above, were so outrageous that these exceeded the bounds usually tolerated in a

13  civilized society.

14     33.    These Defendants intended, or recklessly disregarded the likelihood, that their acts

15  would cause Plaintiff to suffer emotional distress, including, but not limited to feelings of

16  depression and concern and worry about their own personal safety, well-being, and their rights.

17     34.    As a direct result of the acts of Defendants, and each of them, Plaintiff suffered

18  and continues to suffer severe and/or extreme emotional distress, including but not limited to

19  sleeplessness, humiliation, shame, worry, embarrassment, feelings of depression, and grief all to

20  his damage, according to proof at trial.

21     35.    The conduct of said individual Defendants, and each of them, described above was

22  oppressive, fraudulent, and malicious, entitling Plaintiff to an award of punitive damages in an

23  amount appropriate to punish and make an example of Defendants and each of them.

24     WHEREFORE, Plaintiff prays for relief and judgment as set forth below.

25

26

# FOURTH CAUSE OF ACTION

## VIOLATIONS OF STATE STATUTES

36.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

37.     As described above, Defendants DOES 1-60, and each of them, intentionally and unlawfully exercised force or the express or implied threat of force to restrain, detain, injure, or confine Plaintiff.

38.     The conduct of said defendants violated the Constitution of the State of California, including but not limited to the rights to equal protection and due process of laws.  In addition, the conduct of the said defendants and each of them violated California Civil Code sections 51.7 and 52.

WHEREFORE, Plaintiff prays for relief and judgment as set forth below.

# FIFTH CAUSE OF ACTION

## ASSAULT AND BATTERY

39.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

40.     Defendants DOES 1-60, and each of them, possessed the ability to commit a violent injury on Plaintiff's person.

41.     As alleged above, said Defendants, and each of them, unlawfully attempted to commit a violent injury and did commit violent injuries on Plaintiff's person, thereby assaulting and battering Plaintiff.

42.     As alleged above, said Defendants, and each of them, willfully and unlawfully did use force and/or violence on Plaintiff's person, thereby battering Plaintiff.

43.     As a direct, legal, and proximate result of the acts by said Defendants, and each of them, unlawfully Plaintiff suffered and will continue to suffer foreseeable, substantial losses and damages.

44. • As a direct, legal, and proximate result of the above-mentioned conduct, Plaintiff was and is damaged in an amount to be proven at trial.

45. The conduct of said Defendants, and each of them, described above was oppressive, fraudulent, and malicious, entitling Plaintiff to an award of punitive damages in an amount appropriate to punish and make an example of Defendants and each of them.

WHEREFORE, Plaintiff pray for relief as follows:

## PRAYER

a. Compensatory damages according to proof;

b. General damages according to proof;

c. Punitive and exemplary damages, as to the individually-named defendants, only;

d. For costs of suit and for reasonable attorneys' fees under, *inter alia,* 42 USC §1988 and California Civil Code §§ 51.7 & 52;

e. For pre-judgment and post-judgment interest;

f. For an order requiring Defendants, all persons acting on behalf of Defendants, and each of them, to do the following:

1. To stop all harassing acts aimed at Plaintiff, Plaintiff's family, and others who may be affiliated with Plaintiff;

2. To retrain each of the individually-named defendants regarding the proper use of authority and force;

3. To cease using the real or implied threats of violence in police work; and,

4. To terminate all of the individually-named defendants with a history of committing similar acts of retaliatory police work.

g.   Such other and further relief as the Court deems just and proper.

Date: 14 Nov 2003

Law Office of Russell A. Robinson
Attorneys for Plaintiff JOHNNIE DAVIS

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff hereby demands a trial by jury in this matter. That is, pursuant to Federal Rules of Civil Procedure ("FRCP"), Rule 38, Plaintiff hereby demands a trial by jury as is his guaranteed right. Pursuant to FRCP, Rule 39, Plaintiff requests that the matter be designated as a jury action upon the Court's docket.

Date: 14 Nov 2003

Law Office of Russell A. Robinson
Attorneys for Plaintiff JOHNNIE DAVIS