DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Chief Trial Attorney
PETER J. KEITH, State Bar #206482
Deputy City Attorney
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-3908
Facsimile:    (415) 554-3837
E-Mail:       peter.keith@sfgov.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNIE DAVIS,<br><br>          Plaintiff,<br><br>     vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO; CHIEF OF POLICE PRENTICE E. SANDERS; ACTING AND ASSISTANT CHIEF OF POLICE ALEX FAGAN, SR.,<br><br>          Defendants. | Case No. C 05 1341 MMC<br><br>[**PROPOSED**] ORDER GRANTING DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S MOTION TO DISMISS STATE LAW CLAIMS<br><br>Hearing Date:    June 3, 2005<br>Time:            9:00 a.m.<br>Judge:           Hon. M. Chesney<br>Place:           Crtrm. 7, 19th fl.<br>450 Golden Gate Avenue, San Francisco |

    Defendant City and County of San Francisco has moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss all of Plaintiff Johnnie Davis's claims arising under California law. The basis for San Francisco's motion is that Plaintiff failed to plead compliance with the Government Claim requirement, a prerequisite under California law for maintaining a suit for damages against a public entity or public employee.  Pursuant to Civil L.R. 7-3(a), plaintiff Johnnie Davis was required to file opposition no later than May 13, 2005.  To date, no opposition has been filed.

1  Plaintiff's Complaint alleges three state law causes of action: a Third Cause of Action for
2  Intentional Infliction of Emotional Distress; a Fourth Cause of Action for Violations of State Statutes
3  (i.e., Civil Code sections 51.7 and 52); and a Fifth Cause of Action for Assault and Battery.
4  Under California law, a plaintiff suing a public entity or a public employee for damages must
5  first have filed a Government Claim with the public entity, and the entity must have denied such
6  claim.  Cal. Gov. Code §§ 905, 950.2.  In a federal case, causes of action arising from California law
7  are subject to this claims filing requirement and the law governing such claims.  *Ellis v. City of San*
8  *Diego*, 176 F.3d 1183, 1190 (9th Cir. 1999); *Karim-Panahi v. LAPD*, 839 F.2d 621, 627 (9th Cir.
9  1988).  Compliance with the Government Claim requirement must be plead.  A complaint against a
10 public entity that fails to plead compliance with the claim requirement fails to state facts sufficient to
11 constitute a cause of action.  *State v. Superior Court (Bodde)*, 32 Cal.4th 1234, 1245, 13 Cal.Rptr.3d
12 534, 543 (2004); *Del Real v. City of Riverside*, 95 Cal.App.4th 761, 767, 115 Cal.Rptr.2d 705, 709
13 (2002).
14 Here, Plaintiff fails to allege compliance with the Government Claim requirement.
15 Accordingly, his state law claims must be dismissed for failure to state a claim.
16 GOOD CAUSE APPEARING, Plaintiff Johnnie Davis's claims arising under California law,
17 including Plaintiff's Third, Fourth, and Fifth causes of action, are DISMISSED.  Defendant City and
18 County of San Francisco shall file its Answer to the remaining allegations of the Complaint within
19 ten (10) days of entry of this order.
20 IT IS SO ORDERED.
21 Dated:   May 20, 2005



MAXINE M. CHESNEY
UNITED STATES DISTRICT JUDGE