IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHNNIE DAVIS,

    Plaintiff,

  v.

CITY AND COUNTY OF SAN FRANCISCO, et al.,

    Defendants.

No. C-05-1341 MMC

**ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE**

On December 13, 2005, the Court granted defendants' motion for an order to show cause why the instant action should not be dismissed for failure to prosecute. On January 6, 2006, plaintiff's counsel filed a response to the order to show cause, in which he attests that he has not heard from plaintiff "for at least eight months" and, despite numerous attempts to locate him, has been unable to determine plaintiff's whereabouts. (See Robinson Decl. ¶ 2-5.) Plaintiff's counsel requests a stay of six months in order to continue his efforts to locate plaintiff; in the alternative, plaintiff's counsel requests dismissal without prejudice, to allow for refiling if plaintiff is located. On January 13, 2006, defendants filed an opposition to plaintiff's response.

"In determining whether to dismiss a claim for failure to prosecute . . . , the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on the merits." Pagtalunan v. Galaza, 291 F.3d 639,

642 (9th Cir. 2002).

In considering these factors, the Court first notes that "the public's interest in expeditious resolution of litigation always favors dismissal." See id. (finding failure to pursue action for four months weighed in favor of dismissal). Here, Davis' failure to contact his counsel for "at least eight months," (see Robinson Decl. ¶ 2), weighs in favor of dismissal.

Under the circumstances presented herein, the Court's need to manage its docket likewise favors dismissal, as Davis' extended absence has brought the progress of the litigation to a halt. See Yourish v. California Amplifier, 191 F.3d 983, 990-91 (9th Cir. 1999) (finding this factor "strongly favored" dismissal where plaintiffs' failure to timely amend complaint had caused "the action to come to a complete halt" and had allowed plaintiffs "to control the pace of the docket rather than the Court"); see also Pagtalunan, 291 F.3d at 642 ("It is incumbent upon the Court to manage its docket without being subject to the routine noncompliance of litigants").

Next, failure to dismiss the action would risk prejudice to the defendants. The instant action was filed in state court more than two years ago, based on events that are alleged to have occurred in 2002. Davis has been absent from the litigation for eight of the ten months since the first defendant was served in March 2005, and his counsel sets forth no facts indicating Davis will be located in the foreseeable future. Any further extension will only serve to increase the likelihood that evidence in support of the defense will be lost due to the passage of time, and will unreasonably delay the progress of the action, thereby prejudicing defendants, who are entitled to a prompt resolution of the allegations against them. See id. at 643 ("Unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale."); see also Yourish, 191 F.3d at 991-92 (noting "unreasonable delay" may constitute prejudice to defendant).

With respect to the availability of less drastic alternatives, Davis' disappearance renders any other sanction meaningless. There is no sanction the Court could impose that would compel Davis to participate in the litigation. Thus, this factor weighs in favor of

dismissal.

Finally, because public policy generally favors disposition of cases on their merits, see Pagtalunan, 291 F.3d at 643, this factor weighs against dismissal.

Accordingly, four of the five factors weighing in favor of dismissal, the Court hereby DISMISSES the instant action without prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, due to plaintiff's failure to prosecute.

The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: January 17, 2006

MAXINE M. CHESNEY
United States District Judge

3